Military fay; ex parte receipt and consideration ley correction hoard of advisory opinion of Air Force Judge Advocate General. — On September 30,1976 the court entered the following order on plaintiff’s suggestion for rehearing en hanc and motion for rehearing respecting the decision and opinion of the court of May 12, 1976, 210 Ct. Cl. 34, 535 F.2d 624, and on the motions of the District of Columbia Bar Association.
Before Davis, Judge, Presiding, Nichols and BeNNett, Judges.
“This case comes before the court on plaintiff’s suggestion for rehearing en banc and plaintiff’s motion for rehearing. There is also before the court the motions of the Bar Association of the District of Columbia for leave to file a brief amicus curiae in support of plaintiff’s petition for rehearing, for an extension of time within which to file such a brief, for waiver of the page limitation provision, and for leave to present oral argument. The active judges of the court having denied the suggestion that these matters be considered en banc, the various motions, and the responses thereto, have been considered by the above panel.
“The motion for rehearing is denied. With respect to the ex parte receipt and consideration by the Air Force Board for the Correction of Military Becords of an advisory opinion of the Air Force Judge Advocate General — the special *318 point in which, the Bar Association is interested— the court points out that (a) the decision of May 12, 1976, dismissing the petition, rested essentially on the ground that, regardless of any defects in the procedure of the BCME, plaintiff had shown no constitutional or jurisdictional defect in his court-martial conviction and therefore this court could not grant him any relief; (b) the discussion of the ex parte consideration by the BCMR of the JAG opinion could therefore be considered moot since the result in this court (particularly under United States v. Testan, 424 U.S. 392 (1976)) would not be changed even if that discussion was excised, modified, or overturned; and (c) in any event the opinion’s discussion of the receipt of ex parte material was limited to instances in which a correction board was considering whether to hold a hearing. In these circumstances the court deems that reconsideration of the decision and opinion of May 12,1976 is unnecessary and inappropriate in this case even if there be thought to be doubt as to the correctness of the opinion’s statements on receipt of ex parte materials in correction board decisions made without a hearing.
“For the same reasons the court considers the Bar Association’s participation, at this stage, in this particular case to be unnecessary and inappropriate, and therefore denies the Association’s motions.
“it IS SO ORDERED.”